FILED

2008 May-19  PM 03:54
U.S. DISTRICT COURT
N.D. OF ALABAMA

# IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | | |
|---|---|---|
| **JULIE BEST GRIMES, et al.,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No.: 2:07-CV-01397-WMA** |
| | ) | |
| **RAVE MOTION PICTURES** | ) | |
| **BIRMINGHAM, L.L.C., et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## REPLY TO RESPONSE OF UNITED STATES INTERVENOR-PLAINTIFF

Defendants Rave Motion Pictures Birmingham, L.L.C., Rave Motion Pictures Birmingham II, L.L.C., Rave Motion Pictures Birmingham III, L.L.C., and Rave Reviews Cinemas, LLC ("Defendants" or "the Rave Defendants"), by and through their attorneys of record, and in accordance with Fed. R. Civ. P. 56(b) and this Court's Order of May 13, 2008, submit this Reply to Response of Intervenor-Plaintiff the United States to Defendants' Summary Judgment Motions.

## I.    INTRODUCTION

On July 31, 2007, Plaintiff Julie Best Grimes filed the instant lawsuit against Defendants for their purported violations of the Fair and Accurate Credit Transactions Act ("FACTA"), 15 U.S.C. § 1681 *et seq.*  Since the filing of her case, Plaintiff and Defendants have conducted discovery related to class

certification, and the parties were on the verge of beginning their class certification briefing with Plaintiff's opening brief due on February 21, 2008.  However, on February 14, 2008, this Court ordered summary judgment briefing instead.  As the Rave Defendants demonstrated in their original Motion, the damages provision applicable to violations of FACTA violates Defendants' due process rights; therefore, Defendants' prior arguments will not be repeated.  However, Defendants submit the following brief responses to several of the arguments raised by the United States.

## II.   ARGUMENTS AND AUTHORITIES

### A.   This Court's Decision on the Constitutionality of the Damages Provision Applicable Under FACTA Is Not Premature.

Despite the United States' argument, a decision on the constitutionality of FACTA's damages provision is not premature.  With regard to Defendants' arguments that the damages provision is standardless and void for vagueness and constitutes a double damages award, there is no reason why the court cannot determine the constitutionality of these provisions at this time.  Rather, the United States argues that there is no need to "rush" into a constitutional analysis of the disproportionate damages that are mandated under FACTA.  ECF Doc. No. 59, at p. 7.  To the contrary, such an analysis by the United States ignores the practical effect of this case, and the multitude of cookie-cutter FACTA cases, that have been filed against defendants across the United States.  *See* Defendants' Memorandum

in Support of Their Motion for Summary Judgment ("Defendants' Memo in Support"), at p. 9 n.3.

As the court in *Serna v. Big A Drug Stores, Inc.* reasoned, if a court were to wait until a determination of liability and then reduce an excessive damages award,

> the [defendant] would face class litigation with "bet the company" type stakes for a technical violation of a statute which caused no injury.  Any settlement agreed upon [by] the parties could not be reduced for unconstitutional excessiveness.  The company would have to proceed through trial in order to later argue that a potential award should be reduced.

2007 U.S. Dist. LEXIS 82023, at *17-18; *see also Vasquez-Torres v. McGrath's Publick Fish House, Inc.*, No. 07-1332, slip op. at 10 (C.D. Cal. Oct. 12, 2007) ("Putting [defendant] at risk of ruinous damages for failing to excise the expiration dates from credit card receipts would serve as an invitation for clever attorneys to bludgeon defendants into settlement in order to avoid ruination.").

Further, the United States' argument that this Court cannot analyze Defendants' disproportionate damages until liability is determined is incorrect. Even under Rule 23, this Court can, for example, determine whether a class action is "superior to other available methods for fairly and efficiently adjudicating the controversy."  Fed. R. Civ. P. 23(b).  Many courts addressing motions for class certification in FACTA cases have considered the potential damages facing defendants and concluded that "[t]his scenario, where a technical violation causing no harm would annihilate or cripple an existing company, is just the 'undesirable

result' Rule 23 should not facilitate." *See, e.g.*, *Serna*, 2007 U.S. Dist. LEXIS 82023, at *18.   Indeed, in the instant case, prior to this Court's request for summary judgment briefing, the parties were prepared to begin briefing on the class certification issue.   This Court can, and should, similarly consider, at this point in the case, the potential damages facing the Rave Defendants and rule that the penalty provision is unconstitutional.

Apparently, the United States concedes that a finding of willfulness would produce an astronomical damage award in the instant case, but argues that the court could remedy any due process concerns by reducing the award after a determination of liability.   ECF Doc. No. 59, at pp. 7-8.   Here, unlike a case in which punitive damages is not determined until liability has been assessed, there is no uncertainty that the minimum statutory damages would annihilate Defendants. Defendants' Memo in Support, at p. 7.   As such, a decision on the constitutionality of the damages provision is not premature.

**B.     Even Under *St. Louis, Iron Mountain & Southern Railway Co. v. Williams*, the Damages Provision Applicable to FACTA Violates Due Process.**

The United States argues that the U.S. Supreme Court's 1919 decision upholding statutory penalties in *St. Louis, Iron Mountain & Southern Railway Co. v. Williams*, 251 U.S. 63 (1919), dictates the result in this case.   Such an argument is without merit.   The U.S. Supreme Court in *Williams* acknowledged that statutory

penalties that were "so severe and oppressive as to be wholly disproportioned to the offense and obviously unreasonable" would not stand.  251 U.S. at 67.  In *Williams*, the plaintiffs suffered a nominal amount of actual damages and the Court upheld a statutory damages award of 113 times plaintiffs' actual damages.  *Id.*

Here, however, Plaintiff Grimes has suffered no dollar amount of damages. Moreover, without even considering the possibility for punitive damages that are allowed under the statute, an award of even the minimum statutory penalty (a ratio of over 596:1) would annihilate defendants.  When compared to an offense for which Plaintiff Grimes suffered no actual damages and no increased risk of identity theft, such an award is "severe and oppressive," even when viewed in light of *Williams*.  As a U.S. District Court in Texas aptly observed, Plaintiff "was not injured as a consequence of the data shown on his receipt from [Defendant]—no fraud, no sleepless nights, nothing."  Exhibit 1, *Howard v. Hooters of Houston*, No. 07-3399, slip op. at 1 (S.D. Tex. April 4, 2008).

Setting aside the teaching from *Williams*, that severity, oppression, and disproportionality matter, the United States argues that the *Gore* factors do not apply in a statutory damages case.  *See* ECF Doc. No. 59, at pp. 14-17.  Where those damages are penal in nature, however, as the United States implicitly recognizes, ECF Doc. No. 59, at pp. 21-22, due process and the *Gore* factors should apply.  In fact, other courts have suggested that such an analysis may be

warranted in statutory damages cases.  *See, e.g.*, *DirectTV v. Gonzalez,* 2004 WL 1875046 (W.D. Tex. Aug. 23, 2004) ("[I]t may be that a statutory damages provision that grossly exceeds any actual damages would violate due process as an 'irrational and arbitrary deprivation of the property of the defendant.'" (quoting *State Farm. Mut. Ins. Co. v. Campbell*, 538 U.S. 408, 425 (2003))).  As the Defendants established in their opening brief, an application of the *Gore* factors under the facts of this case demonstrates that the damages award mandated by FACTA violates due process.  As such, the statutory damages award cannot past constitutional muster under either *Gore* or *Williams*.

### C.   The United States' Argument with Regard to Double Damages Is Misplaced.

The only argument the United States advances with regard to Defendants' double damages analysis is to suggest that such an argument was rejected by a case that is not binding on this Court.  *See In re Trans Union Corp. Privacy Litigation*, 211 F.R.D. 328 (N.D. Ill. 2002) (declining to certify a class on the grounds that the available statutory damage would be "grossly disproportionate" to any actual damage suffered by Plaintiff).  However, the due process argument before the court in *Trans Union* is distinguishable from the instant case.  First, *Trans Union* did not involve a violation of FACTA and also addressed a situation in which there was more than a mere technical violation of the FCRA.  211 F.R.D. at 333.  The defendants in *Trans Union* allegedly violated the FCRA by "disclosing consumer

reports in the form of target marketing lists," among other things.  *Id.*  The

defendants challenged the damages provision in section 1681n as permitting the

recovery of "actual plus statutory plus punitive damages," an argument the court

rejected.  *Id.* at 342.  Defendants here raise different challenges to the penalty

provision, specifically that an award of statutory and punitive damages based on

the same purported "willful" conduct results in a double damages award.  The

United States' reliance on *Trans Union* is inapposite.

### D.   Credit and Debit Card Receipt Clarification Act of 2007 Passes Unanimously in the U.S. House of Representatives.

As the United States recognized in its brief, there is currently legislation

pending before Congress to amend the FCRA.  *See* Credit and Debit Card Receipt

Clarification Act of 2007, H.R. 4008, 110th Cong (2007).   This legislation

provides that

> any person who printed an expiration date on any receipt provided to a
> consumer cardholder at a point of sale or transaction between
> December 4, 2004, and the date of the enactment of this subsection
> but otherwise complied with the requirements of section 605(g) for
> such receipt shall not be in willful noncompliance with section 605(g)
> by reason of printing of such expiration date on the receipt.

On May 13, 2008, the U.S. House of Representatives unanimously passed H.R.

4008 by a vote of 407-0.  *See id.* at section 7(b) ("The purpose of this Act is to

ensure that consumers suffering from any actual harm to their credit or identity are

protected while simultaneously limiting abusive lawsuits that do not protect

consumers . . . ."). Similar legislation is now pending before the Senate. *See* S. 2978.

Obviously the lawmakers who enacted FACTA in the first place recognize the unintended consequences arising from the law. Exhibit 2, Cong. Record, H3729-H3752 (daily ed. May 13, 2008) ("When you consider the law levies between a $100 and $1,000 fine for each credit card receipt, the amount of liability threatens to bankrupt healthy, successful businesses." (statement of Rep. Mahoney)). The United States' reference to the legislative history of FACTA is undermined by the legislature's current actions. *See id.* ("As the principal House author of the FACT Act, I can personally attest that when Congress passed that landmark legislation, it was never our intent to create opportunities for frivolous litigation." (statement of Rep. Bachus)). Thus, until any such law is enacted by Congress, courts can, and should, continue to recognize the same deficiencies in the law that Congress is currently seeking to remedy.

## IV.   CONCLUSION

For the foregoing reasons, Defendants Rave Motion Pictures Birmingham, L.L.C., Rave Motion Pictures Birmingham II, L.L.C., Rave Motion Pictures Birmingham III, L.L.C., and Rave Reviews Cinemas, LLC, respectfully request this Court grant Summary Judgment in their favor and against Plaintiff Julie Best Grimes.

Respectfully submitted,

**BRYAN CAVE LLP**

By:

     /s/ Heather S. Esau Zerger
William Perry Brandt (admitted *pro hac vice*)
Heather S. Esau Zerger (admitted *pro hac vice*)
BRYAN CAVE, LLP
3500 One Kansas City Place
1200 Main Street
Kansas City, Missouri 64105
Telephone:  (816) 374-3200
Facsimile:  (816) 374-3300
perry.brandt@bryancave.com
hezerger@bryancave.com

**BRADLEY ARANT ROSE & WHITE, LLP**

James W. Gewin (ASB-2568-I72J)
Dylan C. Black (ASB-6595-K72D)
BRADLEY ARANT ROSE & WHITE LLP
1819 Fifth Avenue North
Birmingham, Alabama 35203
jgewin@bradleyarant.com
dblack@bradleyarant.com
Telephone:  (205) 521-8000
Facsimile:  (205) 521-8800

ATTORNEYS FOR DEFENDANTS

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that the foregoing was filed electronically with the United States District for the Northern District of Alabama Southern Division on this 19th day of May, 2008, with notice of case activity generated and sent electronically to all attorneys of record.

Joseph H. "Jay" Aughtman
BEASLEY ALLEN CROW METHVIN PORTIS & MILES PC
272 Commerce Street
Post Office Box 4160
Montgomery, AL 36103-4160
jay.aughtman@beasleyallen.com

Alexander W. Jones, Jr.
PRITCHARD MCCALL & JONES LLC
800 Financial Center
505 North 20th Street
Birmingham, AL 35203-2605
irmaj@pm-j.com

William S. Pritchard, III
PRITCHARD MCCALL & JONES LLC
800 Financial Center
505 North 20th Street
Birmingham, AL 35203-2605
billyp@pm-j.com

Attorneys for Plaintiff

and I hereby certify that I have mailed by United States Postal Service the document to the following non-CM/ECF participants in the manner indicated:

*Certified Mail to:*
Michael B. Mukasey
Attorney General of the United States
U.S. Department of Justice
950 Pennsylvania Avenue, NW
Washington, D.C. 20530-0001

_____/s/ Heather S. Esau Zerger_____
Attorney for Defendant